1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PATRICIA RAMIREZ, on behalf of herself and all other similarly situated employees <br><br> Plaintiffs, <br><br> v. <br><br> MANPOWER, Inc.; MANPOWERGROUP PUBLIC SECTOR INC.; MANPOWERGROUP US INC.; AND DOES 3 through 50, inclusive, <br><br> Defendants. | Case No.: 5:13-CV-2880-EJD <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO JOIN PARTIES; GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; DENYING MOTION TO STRIKE AS MOOT** <br><br> **[Re: Docket No. 15, 16]** |

Pending before the Court are several motions:  Defendants Manpower, Inc., Manpowergroup Public Sector, Inc., and Manpowergroup US, Inc.'s ("Defendants") Motion to Join Required Parties (Docket Item No.15), Motion to Dismiss (Docket Item No.16), and Motion to Strike (Docket Item No.16).  The Court found these matters appropriate for decision without oral argument pursuant to Local Civil Rule 7-1(b), and previously vacated the corresponding hearing date.  Having fully reviewed the parties' briefings, and for the reasons discussed below, the Motion to Join Manpower, Inc. / California Peninsula is GRANTED, the Motion to Dismiss is GRANTED in part and DENIED in part, and the Motion to Strike is DENIED as moot.

## I. Background

### A. Procedural History

On February 13, 2013, Plaintiff Patricia Ramirez ("Plaintiff") filed a putative class action complaint against Defendant Manpower in the Monterey County Superior Court, Case No. M121885 (hereinafter the "*Ramirez I* State Court Action"). On April 4, 2013, Plaintiff filed a First Amended Complaint ("FAC") against Manpower in the *Ramirez I* State Court Action. Manpower removed the *Ramirez I* State Court Action to this Court on June 21, 2013, thus commencing the above-captioned action ("*Ramirez I*"). On July 11, 2013, *Ramirez I* was assigned to this Court.

In September 2013, Plaintiff joined Manpowergroup US Inc. ("MGUSI") and Manpowergroup Public Sector Inc. ("MPSI") as defendants in *Ramirez I*. Also in April 2013, Plaintiff filed a putative class action complaint against Manpower Inc. / California Peninsula ("MI/CP") in the Monterey County Superior Court, Case No. M122728 (the "*Ramirez II* State Court Action"). On June 10, 2013, Plaintiff filed an amended complaint against MI/CP in the *Ramirez II* State Court Action. MI/CP removed the *Ramirez II* State Court Action to the Northern District of California on July 12, 2013, wherein it was assigned Case No. CV-13-03238 ("*Ramirez II*"). On July 24, 2013, *Ramirez II* was assigned to this Court.

### B. Facts

Plaintiff is a former temporary services employee who was employed by MI/CP from approximately January 1, 2013 to January 25, 2013. Docket Item No.16, Exh. "A." Plaintiff on behalf of herself and all other similarly situated Class Members assert claims against four entities in two separate actions comprised of nearly identical claims. She alleges in her FAC that during her employment with Defendants, Ms. Ramirez was required to attend unpaid mandatory training meetings, employer orientations, assessment testing, and unpaid termination meetings. Id. She

Case No.: 5:13-CV-2880-EJD
ORDER GRANTING DEFENDANT'S MOTION TO JOIN PARTIES; GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; DENYING MOTION TO STRIKE AS MOOT

1    further contends that Defendants failed to pay her wages on time, pay her for all hours worked, and

2    failed to provide her with complete or accurate wage statements.  Id.

3         Defendants operated in California from at least July 17, 2011 to January 2013.  Docket Item

4    No. 15.  MI/CP was an independent Manpower franchise until 2008, when it became a wholly-

5    owned subsidiary of Manpower.  MI/CP presently operates approximately 12 Manpower-branded

6    branch locations in Central and Northern California, including the Salinas branch office where

7    Plaintiff was employed.  According to Defendants, Plaintiff was employed by MI/CP's Salinas

8    branch office on a temporary assignment from January 23 to January 25, 2013.  Defendants moved

9    to join MI/CP pursuant to Rule 19(a) of the Federal Rules of Civil Procedure and moved to dismiss

10   and/or strike the FAC for failing to state a claim with a cognizable legal theory, or in the

11   alternative, the absence of sufficient facts alleged under a cognizable legal theory.

12   **II.    Legal Standard**

13       **1.   Motion To Join Required Parties**

14        Federal Rule of Civil Procedure 19 provides for the mandatory joinder of parties "needed

15   for a just adjudication," commonly referred to as "necessary" parties.  Joinder is required under

16   three circumstances.  First, an absent party must be joined when the court cannot accord "complete

17   relief" to the existing parties without the absent party's participation.  Fed. R. Civ. P. 19(a)(1).

18   Second, joinder will be ordered when an absent party claims an interest in the subject of the

19   existing litigation which may be prejudiced by the outcome of the case.  Fed. R. Civ.P. 19(a)(2)(i).

20   Finally, joinder is appropriate when an existing party will be subjected to a substantial risk of

21   incurring multiple or inconsistent obligations if an absent part is not joined.  Fed. R. Civ. P.

22   19(a)(2)(ii).  If a party is required but joinder is not feasible, the court must determine whether "in

23   equity and good conscience" the action should proceed among the existing parties or should be

24   dismissed.  Fed. R. Civ. P. 19(b).  Rule 19 is designed to protect absent parties as well as those

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

before the Court from multiple litigation, inconsistent judicial determinations, or the impairment of interests or rights.  <u>CP Nat'l Corp. v. Bonneville Power Admin.</u>, 928 F.2d 905, 911 (9th Cir. 1991). Rule 19 also is designed to further the public's interest "in avoiding repeated lawsuits on the same essential subject matter ."  <u>Id.</u> at 912.

Rule 19's conditions for joinder are phrased in the disjunctive; thus, joinder is appropriate if any condition is met.  <u>Yellowstone County v. Pease</u>, 96 F.3d 1169, 1172 (9th Cir. 1996).  The inquiry under Rule 19 is "a practical one and fact specific."  <u>Washington v. Daley</u>, 173 F.3d 1158, 1165 (9th Cir. 1999).  The question of whether to require the joinder of additional parties under Rule 19 must be made in light of the particular circumstances of each case.  <u>N. Alaska Envtl. Ctr. v. Hodel</u>, 803 F.2d 466, 468 (9th Cir. 1986).  The relevant inquiry then becomes whether, in the absence of an order requiring joinder, (a) a defendant will run the risk of incurring inconsistent obligations or (b) an absent party will be prejudiced if the litigation proceeds without them. Finally, subject matter jurisdiction cannot be destroyed by joining the otherwise necessary party. Fed. R. Civ. P. 19(a)(2).

**B.  Motion to Dismiss and/or Strike**

Defendants move to dismiss all claims pursuant to Rule 12(b)(6).  Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss based on a failure to state a claim upon which relief may be granted.  <u>See</u> Fed. R. Civ. P. 12(b)(6).  Defendants also move to strike all claims pursuant to Rule 12(f).  Similarly, under Federal Rule of Civil Procedure 12(f), the Court is endowed with the power to "order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  <u>See</u> Fed. R. Civ. P. 12(f).  Immaterial matter "is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." <u>California Dept. of Toxic Substance Control v. ALCO Pacific, Inc.</u>, 217 F. Supp. 2d 1028, 1032

4

Case No.: 5:13-CV-2880-EJD
ORDER GRANTING DEFENDANT'S MOTION TO JOIN PARTIES; GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; DENYING MOTION TO STRIKE AS MOOT

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(C.D. Cal. 2002) (internal citations and quotations omitted).  Impertinent material "consists of statements that do not pertain, or are not necessary to the issues in question."  Id.

### 1. Pleading Standard

"Federal Rule of Civil Procedure 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).  A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint or counterclaim, facilitating dismissal to the extent the pleading fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  The pleading is construed in the light most favorable to the non-moving party and all material allegations in it are taken to be true.  Sanders v. Kennedy, 794 F.2d 478, 481 (9th Cir. 1986).  However, even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986) (internal brackets and quotation marks omitted)).  Hence, the Court need not assume unstated facts, nor will it draw unwarranted inferences.  Ashcroft v. Iqbal, 556 U.S. 662 (2009) ("Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."); Cousins v. Lockyer, 568 F.3d 1063, 1067 (9th Cir. 2009); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001) ("Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.").

Under Twombly, a plaintiff (or counterclaimant) must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its

5

face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. 663 (citing Twombly, 550 U.S. at 556). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . .. When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quoting Twombly, 550 U.S. at 556–57) (internal quotation marks omitted). In sum, if the facts alleged foster a reasonable inference of liability—stronger than a mere possibility—the claim survives; if they do not, the claim must be dismissed. See Iqbal, 556 U.S. at 667-669.

**III.     Discussion**

**A. MI/CP is a Required Party Pursuant to Rule 19(a)**

Defendants' unopposed motion for joinder asserts that MI/CP is a required party to the present action. Defendants emphasize that MI/CP's absence prevents this Court from granting complete relief, would impair its ability to protect its interest in any employment contract that allegedly exists between Plaintiff and Defendants, and would impede MI/CP's ability to protect its interests in a parallel action because of collateral estoppel implications. As the moving party, Defendants bear the burden of showing that MI/CP meets at least one of the Rule 19(a) requirements. Citizen Band Potawatomi Indian Tribe of Oklahoma v. Collier, 17 F.3d 1292, 1293 (10th Cir. 1994).

In Freeman v. Northwest Acceptance Corp., plaintiffs sought to impose liability on a parent company not for its own acts, but for those of its subsidiary. The subsidiary in Freeman was more than an active participant in the conversion alleged by the Plaintiffs'; it was the primary participant. The Freeman court went on to hold that "case law in this and other circuits uniformly supports the

Case No.: 5:13-CV-2880-EJD
ORDER GRANTING DEFENDANT'S MOTION TO JOIN PARTIES; GRANTING IN PART
AND DENYING IN PART MOTION TO DISMISS; DENYING MOTION TO STRIKE AS
MOOT

United States District Court
For the Northern District of California

proposition that joinder of the subsidiary is required in such a situation." 754 F.2d 553, 559–60 (5th Cir. 1985). See Hanna Mining Co. v Minnesota Power & Light Co., 573 F. Supp. 1395, 1399 (D. Minn. 1983) (parents and subsidiary were indispensable parties where both had identical interests in subject of action, citing Reserve Mining Co. v. EPA, 514 F.2d 492, 534 (8th Cir. 1975)); Lopez v. Shearson Am. Express, Inc., 684 F. Supp. 1144, 1146–48 (D.P.R. 1988) ("[t]he law appears very clear that where the subsidiary is the primary participant in a dispute involving both the parent and the subsidiary, the subsidiary is an indispensable party."); Distributors v. Am. Hardware Supply, 129 F.R.D. 494, 497–98 (W.D. Pa. 1990), the court held that a subsidiary is a necessary party if it entered into contracts which are at the core of the controversy.

In this case, Defendants maintain that MI/CP was the sole employer of Plaintiff. See Docket Item No. 15. This is undisputed by Plaintiff. As Plaintiff's sole employer, MI/CP would be primarily responsible for the alleged labor code violations that implicate an "employer." See Cal. Lab. Code § 201 (If an *employer* discharges an employee . . . )(emphasis added); Cal. Lab. Code § 204 (An *employer* is in compliance with the requirements of subdivision (a) of Section 226 . . .) (emphasis added). Without Plaintiff's actual employer being party to this case, the Court's ability to grant complete relief among the existing parties is impeded. The Court consequently finds MI/CP to be an indispensable party pursuant to Federal Rule of Civil Procedure 19(a)(1). Given Rule 19's disjunctive conditions, the Court need not reach whether other conditions of Rule 19 are met. Joining MI/CP is also feasible because both subject matter and diversity jurisdiction are preserved.

### B.   Motion to Dismiss

Defendant's primary argument in its motion to dismiss and/or strike the FAC is that Plaintiff's allegations are speculative and the complaint is devoid of any facts to support mere boilerplate, conclusory allegations. Although the federal rules allow for a flexible pleading policy,

7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

a complaint must still provide fair notice of the claims and must allege enough facts to state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); <u>Jones v. Cmty. Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  "The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." <u>Jones</u>, 733 F.2d at 649 (internal quotations omitted).  Taking all reasonable inferences in plaintiffs' favor and assuming the complaint's allegations as true, the Court finds Plaintiff has missed this mark even under a liberal reading of the complaint.

### 1.   First Cause of Action: Failure to Pay Reporting Time Pay

Plaintiff's complaint is replete with generalized statements and conclusory assertions about the actions that led to Plaintiff's alleged injuries.  Rule 8(a)(2) requires a "showing," rather than a blanket assertion, of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.  <u>See</u> 5 Wright & Miller § 1202, at 94, 95 (Rule 8(a)  "contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented" and does not authorize a pleader's "bare averment that he wants relief and is entitled to it").

Plaintiff relies on the holding in <u>Uribe v. Mainland Nursery Inc.</u> to support the sufficiency of her pleading.  She argues that the pleadings in <u>Uribe</u> did "little more than track the elements of the statute" and yet the court found them sufficient.  2007 WL 4356609 (E.D. Cal. December 11, 2007).  This decision is neither binding nor persuasive.  In <u>Uribe</u>, defendant's argument for dismissal was predicated upon a determination of fact that the court found it could not make at that stage in the litigation.  <u>Uribe</u> at 3.  Moreover, the Supreme Court in <u>Twombly</u> clearly explained a plaintiff must provide the grounds for her entitlement to relief on "more than labels and

8

1

2

conclusions" and a "formulaic recitation of the elements of a cause of action will not do."
Twombly, 550 U.S. at 555.

3

4

5

6

7

8

9

Although Plaintiff alleges, for example, that Defendants had a "policy and practice" of requiring employees to attend unpaid training, assessment and termination meetings, and orientations, she does not provide *any* facts to support these allegations. Additional facts sufficient to nudge Plaintiff's claims across the line from conceivable to plausible could include details such as the manner in which she and other class members were notified of the required trainings, what days the required meetings took place, or even the number of meetings she attended.

10

Accordingly, this claim is DISMISSED with leave to amend.

11

**2.  Second Cause of Action: Failure to Provide Accurate Itemized Wage Statements**

12

13

14

15

16

17

Plaintiff's Second Cause of Action is similarly deficient. The Supreme Court in Iqbal outlined the analysis a court should undertake,  holding that "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations and that a pleading that offers "labels and conclusions."  Iqbal at 555.  Nor is a complaint sufficient if it tenders "naked assertion[s]" devoid of "further factual enhancement."  Id. at 557.

18

19

20

21

22

23

24

25

The FAC alleges "Plaintiff and the Unpaid Wages Worker Subclass members are owed wages for work performed during the Class Period for which they were deprived compensation in violation of IWC Wage Order No. 4-2001 and California Labor Codes §§ 1194 and 1198."  With nothing more than an unadorned allegation citing the California Labor Code and IWC Wage Order Defendants' are accused of violating,  the Court is unable to draw the reasonable inference that Defendants are liable for the misconduct alleged.  This indeed is the "defendant-unlawfully-harmed-me" accusation the Supreme Court in Iqbal found impermissible.

26

Accordingly, Plaintiff's second claim is DISMISSED with leave to amend.

27

28

9

**United States District Court**
For the Northern District of California

### 3.   Third Cause of Action: Failure to Maintain Accurate Records and Pay Timely Wages

Defendants argue that Plaintiff's claim for civil penalties under California Labor Codes §§ 1174 and 1175 should be dismissed, as a matter of law, because "there is no private right of action" under these statutes.  Defendants contend that a private right of action exists only if the language of that statute or its legislative history "clearly indicates" the Legislature intended to create such a right to sue for damages.  But the Legislature has done just that.  This Court found in <u>Yadira v. Fernandez</u> that the purpose of the Private Attorney Generals Act ("PAGA"), Cal. Lab. Code §§ 2699–2699.5 - through which Plaintiff brings this claim - "is to allow private litigants to enforce civil penalties previously enforceable only by the Labor Commissioner."  2011 WL 2434043, at *3 (N.D. Cal. June 14, 2011).  PAGA expressly states in section (a) that "any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may . . . be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees . . ." Cal. Labor Code § 2699(a).

Defendants also argue that Plaintiff's claims pursuant to §§ 1174 and 1175 should be dismissed because they fail to state a claim upon which relief can be granted.  The Court concludes that Plaintiff has plead sufficient facts to state a claim.  Unlike § 226, Plaintiff need not prove her employer acted willfully.  Plaintiff  plead in her FAC sufficient facts alleging Defendants failed to "include the total number of hours worked by Plaintiff and the Non-Compliant Wage Statement Subclass members, the failure to list all applicable hourly rates, the failure to include the inclusive dates for the period worked by the Plaintiff and the Non-Compliant Wage Statement Subclass

---

Case No.: 5:13-CV-2880-EJD
ORDER GRANTING DEFENDANT'S MOTION TO JOIN PARTIES; GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; DENYING MOTION TO STRIKE AS MOOT

United States District Court
For the Northern District of California

members, and the failure to accurately report the gross and net earnings of the Plaintiff and the Non-Compliant Wage Statement Subclass members."

Accordingly, the Court DENIES Defendants' Motion to Dismiss Plaintiff's Third Cause of Action as it relates to claims pursuant to §§ 1174 and 1175 of the California Labor Code.

Plaintiff's Third Cause of Action pursuant to California Labor Code § 226(a) however is deficient.  Unlike California Labor Codes §§ 1174 and 1175, an employer's non-compliance with § 226(a) must be shown to be willful in order to impose penalties.  Cal. Labor Code § 226(e) ("An employee suffering injury as a result of a *knowing* and *intentional* failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages . . .") (emphasis added).  Plaintiff merely parrots the language of the statute by saying "Defendants have knowingly and intentionally failed to comply with California Labor Code § 226(a) and IWC Wage Order No. 4-2001. . ." and falls short of providing any factual content that allows the Court to draw the reasonable inference that Defendants are liable for the misconduct alleged.  Plaintiff's opposition brief further demonstrates a fundamental misunderstanding of the Twombly and Iqbal pleading standards by again reciting conclusory allegations devoid of any factual support.  Oppos. at 9:3-17.

Accordingly, Plaintiff's Third Cause of Action pursuant to California Labor Code § 226 is DISMISSED with leave to amend.

### 4.  Fourth Cause of Action: Failure to Pay Wages Timely

Plaintiff's Fourth Cause of Action alleging Defendants failed to pay regular wages in violation of § 204 falls short of meeting the requirements of Rule 8 for the similar reasons counts One through Three were dismissed.  Plaintiff has pled insufficient facts to support conclusory allegations. The Court is not requiring heightened fact pleading of specifics, just enough facts to state a claim to relief that is plausible on its face.  Twombly, 550 U.S. at 544.  Alleging

11

"Defendants' failure to pay reporting time compensation in a timely fashion constitutes a violation of California Labor Code § 204" is no more than a label and legal conclusion.

Accordingly, Plaintiff's Fourth Cause of Action is DISMISSED with leave to amend.

Defendants also correctly point out that the remedy for violating § 204 of the California Labor Code is found in § 210.  Section 210 only provides for civil penalties, not compensation. Cal. Lab. Code § 210 ("every person who fails to pay the wages of each employee as provided . . . shall be subject to a civil penalty . . ."); see FAC ¶65.  Defendant argues that the allegation in Paragraph 65 of the FAC seeking compensation should be stricken.  Plaintiff concedes this issue by failing to address in her opposition brief why the Court should proffer relief contrary to the express language of the statute.  As the Ninth Circuit Court held in Jenkins v. County of Riverside, a party abandons claims by not raising them in opposition.  398 F.3d 1093, 1095 (9th Cir. 2005).

Accordingly, even though the issue is moot because the Court has dismissed the entire Fourth Cause of Action,  Defendants' Motion to Strike the allegation in Paragraph 65 of the FAC seeking "compensation for missed meal and rest periods" would otherwise have been granted.

### 5.  Fifth Cause of Action: Failure to Pay Final Wages at Termination

Plaintiff's Fifth Cause of Action is also deficient on Rule 8 grounds.  The FAC is barren of *any* facts that support her conclusory allegations.  Plaintiff alleges Defendants willfully failed to pay any of wages owed to Plaintiff after she left Defendants' employment.  No other facts in the pleading are provided to support this legal conclusion, only stating she and the class members "were not fully paid all wages due to them within the time required by California Labor Code §§ 201 and 202.  As discussed above, this is insufficient to allow the Court to draw the reasonable inference that Defendants are liable for the misconduct alleged.  Entitlement to relief requires more than labels, conclusions, or formulaic recitation of the elements of a cause of action.

Accordingly, Plaintiff's Fifth Cause of Action is DISMISSED with leave to amend.

12

Case No.: 5:13-CV-2880-EJD
ORDER GRANTING DEFENDANT'S MOTION TO JOIN PARTIES; GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; DENYING MOTION TO STRIKE AS MOOT

**6.   Sixth and Seventh Causes of Action**

The Private Attorney General Act authorizes aggrieved employees, acting as private

attorneys general, to assess and collect civil penalties for violations of the California Labor Code.

The PAGA penalties sought by Plaintiff are entirely derivative of her First through Fifth Causes of

Action, all of which are dismissed with leave to amend except for Plaintiff's claims pursuant to

California Labor Codes §§ 1174 and 1175.

Accordingly, with exception to Plaintiff's claims pursuant to §§ 1174 and 1175, Plaintiff's

Sixth Cause of Action is DISMISSED with leave to amend.

Plaintiff's Seventh Cause of Action alleging Defendants violated the Unfair Competition

Law ("UCL") fails as a matter of law.  Plaintiff argued in her opposition brief "any remedies

pursuant to Labor Code sections 210, 201, 202, 203, 226 are within the purview of restitution under

the UCL."  Oppos. at 16:12-13.  The Court has dismissed Plaintiff's causes of action pursuant to

these California Labor Code sections.  Where Plaintiff cannot state a claim under the borrowed

law, she cannot state a UCL claim either.

Accordingly, Plaintiff's Seventh Cause of Action is DISMISSED with leave to amend.

**7.  Injunctive Relief**

The Ninth Circuit held in <u>Hodgers-Durgin v. de la Vina</u> "unless the named plaintiffs are

themselves entitled to seek injunctive relief, they may not represent a class seeking that relief." 199

F.3d 1037, 1045 (9th Cir. 1999). "Any injury unnamed members of this proposed class may have

suffered is simply irrelevant to the question of whether the named plaintiffs are entitled to the

injunctive relief they seek."  <u>Id.</u>  Plaintiff argues "given defendants' pattern of violations that have

extended over a period of years, there is no reason to believe that this [failure to pay wages]

conduct will be discontinued" the Court should deny Defendants' motion to dismiss.  Defendants

argue that Plaintiff fails to satisfy the "injury-in-fact" prong of Article III standing, requiring a

13

Case No.: 5:13-CV-2880-EJD
ORDER GRANTING DEFENDANT'S MOTION TO JOIN PARTIES; GRANTING IN PART
AND DENYING IN PART MOTION TO DISMISS; DENYING MOTION TO STRIKE AS
MOOT

United States District Court
For the Northern District of California

threatened future injury to be real and immediate, because she is no longer employed by Defendants.

Several district courts, including this one, have concluded that a former employee lacks standing to seek prospective injunctive relief on behalf of a putative class containing both former and current employees.  See Richards v. Ernst & Young LLP, 2010 WL 682314, at *3 (N.D. Cal. Feb. 24, 2010); See also Delodder v. Aerotek, Inc., 2009 WL 3770670, at *3 (C.D. Cal. Nov.9, 2009) ("plaintiffs lack standing to seek prospective relief under the UCL because plaintiffs do not dispute that they are no longer employees of defendant, and thus, they cannot demonstrate 'a real or immediate threat of irreparable injury' by defendant's employment practices"); Milligan v. American Airlines, Inc., 2009 WL 1154213, at *1 (C.D. Cal. Apr. 30, 2009) ("Milligan is not an American employee.  She therefore cannot show that she faces a 'real or immediate threat of irreparable injury' by American's employment practices.  The fact that Milligan brought a class-action claim does not alter this analysis.").  Plaintiff does not dispute that she is no longer employed by Defendants and her allegations in the FAC against Defendants do not establish any threat of real and immediate future harm to Plaintiff herself.  She does not allege that she intends to return to work for Manpower in the future, nor does she allege any facts to show that current employees are fearful of bringing their own claims against Manpower.

Accordingly, Plaintiff's claim for injunctive relief is DISMISSED with leave to amend.   If Plaintiff fails to amend her claim for injunctive relief in accordance with the settled law discussed above, the Court will dismiss with prejudice.

### 8.   Attorney's Fees Pursuant to Cal. Code Civil Procedure §1021.5

In her complaint, Plaintiff seeks attorneys' fees and costs pursuant to California Code of Civil Procedure § 1021.5. Pursuant to this statute:

14

Case No.: 5:13-CV-2880-EJD
ORDER GRANTING DEFENDANT'S MOTION TO JOIN PARTIES; GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; DENYING MOTION TO STRIKE AS MOOT

a court may award attorneys' fees to a successful party ... in any action which has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement ... are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any.

"The purpose of this fee-shifting provision is to encourage suits enforcing important public policies by providing substantial attorney fees to successful litigants in such cases." Sliger v. Prospect, 789 F. Supp. 2d 1212, 1220 (E.D. Cal. 2011) (internal quotation marks and citations omitted). Some courts have awarded attorneys' fees under this statute in successful wage and hour class actions. Id. Successful wage an hour class actions may provide significant benefits to a large class of people. Id. at 1221 (denying motion to dismiss request for attorneys' fees under Section 1021.5 because if successful, plaintiffs' suit could result "in a significant benefit on a large class of people"). The Court declines, as this procedural stage, to find that Plaintiff could not recover attorneys' fees under California Code of Civil Procedure § 1021.5.

Accordingly, the Court DENIES Defendants' motion to strike Plaintiff's request for attorneys' fees pursuant to § 1021.5.

### IV. Conclusion

For the foregoing reasons and for good cause shown, the Court hereby GRANTS Defendants' Motion to Join MI/CP, GRANTS Defendants' Motion to Dismiss Plaintiffs' First, Second, Fourth, and Fifth causes of action with leave to amend, GRANTS in part and DENIES in part Defendants' Motion to Dismiss Plaintiffs' Third, Sixth and Seventh causes of action with leave to amend, GRANTS Defendants' Motion to Dismiss Plaintiffs' claim for injunctive relief with leave to amend, and DENIES Defendants' Motion to Strike as moot. Plaintiff may file an amended complaint that cures the deficiencies identified within 21 days of the date this order is

Case No.: 5:13-CV-2880-EJD
ORDER GRANTING DEFENDANT'S MOTION TO JOIN PARTIES; GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; DENYING MOTION TO STRIKE AS MOOT

filed.  Failure to file a timely amended complaint shall result in dismissal of this case with prejudice.

**IT IS SO ORDERED**

Dated: January 10, 2014



EDWARD J. DAVILA
United States District Judge

Case No.: 5:13-CV-2880-EJD
ORDER GRANTING DEFENDANT'S MOTION TO JOIN PARTIES; GRANTING IN PART
AND DENYING IN PART MOTION TO DISMISS; DENYING MOTION TO STRIKE AS
MOOT