UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PATRICIA RAMIREZ, individually and on behalf of other similarly situated employees,<br><br>            Plaintiff,<br><br>      v.<br><br>MANPOWER, INC. *et al*,<br><br>            Defendant. | Case No. 5:13-cv-02880-BLF (PSG)<br><br>**ORDER GRANTING MOTIONS TO COMPEL**<br><br>**(Re: Docket Nos. 44, 53)** |

The court has before it two separately filed motions that seek the same relief. Plaintiff Patricia Ramirez seeks to compel her former employer, Manpower Inc., to respond to her discovery requests with answers and documents that cover the entire class, rather than simply her individual claims. MPI's justification for failing to provide such responses is that the requests are premature; it argues that until there is an operative pleading in place with satisfactory allegations under Fed. R. Civ. P. 8, it is under no obligation to respond to class-wide discovery requests.

The problem with MPI's theory is that such a claim already exists. As Ramriez points out in her reply, Judge Davila has already affirmed that "[p]laintiff plead in her FAC sufficient facts alleging Defendants failed to 'include the total number of hours worked by Plaintiff and the Non-Compliant Wage Statement Subclass members, the failure to list all applicable hourly rates, the

1
Case No. 5:13-cv-02880-BLF (PSG)
ORDER GRANTING MOTIONS TO COMPEL

failure to include the inclusive dates for the period worked by the Plaintiff and the Non-Compliant Wage Statement Subclass members, and the failure to accurately report the gross and net earnings of the Plaintiff and the Non-Compliant Wage Statement Subclass members."[1] He therefore denied the motion to dismiss as it pertained to Ramirez' cause of action under California Labor Code §§ 1174-75.

MPI attempts to dodge this lingering cause of action by arguing that when Judge Davila found "policy and practice" allegations insufficient to sustain Ramirez' first cause of action, he struck all such allegations from the complaint.  Without these allegations, MPI argues, Ramirez' third cause of action has no leg to stand on as it relates to the class, so there is no class-wide cause of action remaining.  In addition, MPI argues that class wide discovery should not be condoned at this early stage because it would create a large and unnecessary burden on the defendants, all of which may be for naught if the pending motion to dismiss is granted.

These arguments fail for a number of reasons.  First, Judge Davila's order did not affirm a cause of action with insufficient underlying factual allegations. He had already rejected the "policy and practice" allegations by the time he affirmed the third cause of action.  The only allegations that he struck were those relevant to the first cause of action.  Furthermore, Judge Davila specifically held, multiple times over, that Rarmirez' allegations were sufficient to sustain that cause of action as to both herself and the "Non-Compliant Wage Statement Subclass."[2]  As for the equitable arguments, there is nothing in Fed. R. Civ. P. 12(b)(6) that stays any discovery obligations, and courts in this district have repeatedly held that such a stay is inappropriate.[3]  Judge

---

[1] *See* Docket No. 31 at 10, 13

[2] *See id.* at 11

[3] *See, e.g., Long v. Hewlett-Packard, Co.*, Case No. 5:06-cv-02816 JW-HRL, 2006 WL 3751447, at *2 (N.D. Cal. Dec. 19, 2006) (citing *Gray v. Winthrop*, 133 F.R.D. 39, 40 (N.D.Cal.1990)).

2
Case No. 5:13-cv-02880-BLF (PSG)
ORDER GRANTING MOTIONS TO COMPEL

Davila has already denied MPI's request to trifurcate discovery in this case,[4] and this court sees no reason to effectively impose such trifurcation here.

With at least one cause of action moving forward with respect to an entire subclass,[5] Ramirez is entitled to conduct discovery not just on her own behalf, but also on behalf of the Non-Compliant Wage Statement Subclass members leading up to class certification.[6]  Defendants shall provide the requested discovery within fourteen days of this order.

**IT IS SO ORDERED.**

Dated: May 20, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[4] *See* Docket No. 40.

[5] *See* Docket No. 32 at 13-15.

[6] *Cf Vinole v. Countrywide Home Loans, Inc*., 571 F.3d 935, 942 (9th Cir. 2009) (clarifying that discovery for a class requires a prima facie showing that Rule 23(a)'s requirements are met).