UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PATRICIA RAMIREZ, ) | Case No. 5:13-cv-02880-BLF-PSG |
| ) | |
| Plaintiff, ) | **ORDER GRANTING-IN-PART** |
| v. ) | **MOTION TO COMPEL** |
| ) | |
| MANPOWER, INC., et al., ) | **(Docket Nos. 60, 68, 70 and 71)** |
| ) | |
| Defendants. ) | |
| ) | |

Remaining before the court is Plaintiff Patricia Ramirez's motion to compel class information.[1] Defendants Manpower Inc. / California Peninsula, Manpower, Inc., Manpowergroup Public Sector Inc. and Manpowergroup US Inc. oppose. The parties appeared for a hearing on the motion this afternoon.

In advance of Ramirez's motion for class certification, some discovery of other class members is clearly relevant to at least commonality and warranted in this case.[2] "Though Defendants claim the privacy of the putative class members will be invaded by disclosing their

---

[1] *See* Docket No. 60. The other pending discovery motions at Docket Nos. 68, 70 and 71 are denied-as-moot without prejudice to being refiled.

[2] *See Feske v. MHC Thousand Trails Ltd. P'ship*, Case No. 5:11-cv-4124-PSG, 2012 WL 1123587, at *2 (N.D. Cal. Apr. 3, 2012) ("Plaintiffs have shown that the discovery sought is reasonably calculated to lead to admissible evidence on the central question of whether Defendants' representations about their programs were common across the putative class.").

1
Case No. 5:13-cv-02880-BLF-PSG
ORDER GRANTING-IN-PART MOTION TO COMPEL

names and contact information, that protection is qualified and not absolute."[3] "The right of privacy must be balanced against the need for discovery."[4] While "putative class members have a legally protected interest in the privacy of their contact information, that interest must be considered along with their role as witnesses to the representations at the heart of this case. Between the two extremes of burdening" the entire class, and none of it, "the balance is appropriately struck by allowing Plaintiffs discovery of a statistical significant sample of members."[5] The "court will leave to the parties to work out the particulars of the selection method (e.g., cluster sampling, stratified sampling, etc.) and sample size necessary to assure a statistically significant representation of the population as a whole."[6]

In light of the dispositive motion and motion to intervene pending before Judge Freeman,[7] the court stays this order pending resolution of those motions.

**IT IS SO ORDERED.**

Dated: July 1, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[3] *Id.* at 2 (citing *Khalilpour v. CELLCO P'ship*, Case No. 3:09-cv-02712-CW-MEJ, 2010 WL 1267749, at *3 (N.D. Cal. Apr. 1, 2010) ("Unlike privileged information, the protection afforded to privacy claims is qualified, not absolute.")).

[4] *Id.* (citing *Khalilpour*, 2010 WL 1267749, at *3 ("In each case, the court must balance the right of privacy asserted against the need for discovery.")).

[5] *Id.*

[6] *Id.*

[7] *See* Docket Nos. 83 and 91.